**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dale Lynn Ordiway, ) | No. CV 05-3522-PHX-JAT (ECV) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| John Doe 1, et al., ) | |
| Defendants. ) | |

Plaintiff Dale Lynn Ordiway, presently confined in the Maricopa County Fourth Avenue Jail in Phoenix, Arizona, has filed a *pro se* Civil Rights Complaint by a Prisoner (Doc. #1) pursuant to 42 U.S.C. § 1983.

**A.**	**Application to Proceed In Forma Pauperis & Filing Fee.**

Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action. No initial partial filing fee will be assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his

**JDDL**

1 release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of
2 his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why
3 he is unable to pay the remainder of the filing fee.

4 **B.   Statutory Screening of Prisoner Complaints.**

5 The Court is required to screen complaints brought by prisoners seeking relief against
6 a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
7 § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised
8 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
9 may be granted, or that seek monetary relief from a defendant who is immune from such
10 relief. 28 U.S.C. § 1915A(b)(1),(2). The Court also must dismiss a complaint or portion
11 thereof if Plaintiff fails to exhaust any administrative remedy available to him. 42 U.S.C.
12 § 1997e(a).

13 **C.   Complaint**

14 Plaintiff names as Defendants (1) Officer John Doe #1, (2) Officer John Doe #2, a
15 police dog, and (3) Officer John Doe #3, the handler. Plaintiff alleges that Officer John Doe
16 #1, using his SUV, ran Plaintiff, who was on a bicycle, off the road. When Plaintiff ran,
17 Officer John Doe #1 "tazered" him. After Plaintiff fell to the ground, the police dog bit him
18 on the leg and fingers and Officer John Doe # 1 hit him in the left eye and smashed his head
19 into the pavement. Plaintiff was then handcuffed. Plaintiff alleges that Officers John Doe
20 #1 and #2 used excessive force in arresting him. Plaintiff then asserts that Officer John Doe
21 #3 observed the "take down," did not intervene to protect him, and then hit Plaintiff several
22 times. Thus, Officer John Doe #3 failed to protect Plaintiff and then used excessive force.
23 Plaintiff alleges that as a result he suffered physical injury. Plaintiff seeks monetary relief.

24 **D.   Failure to State a Claim.**

25 "To sustain an action under section 1983, a plaintiff must show (1) that the conduct
26 complained of was committed by a person acting under the color of state law; and (2) that
27 the conduct deprived the plaintiff of a federal constitutional or statutory right." Wood v.
28 Ostreander, 879 F.2d 583, 587 (9th Cir. 1989). Plaintiff names as a Defendant a police dog.

**JDDL**                                         - 2 -

A dog is not a person amendable to suit under § 1983.  Accordingly, the police dog will be dismissed with prejudice.

### E. <u>Claim to Which an Answer Will Be Required.</u>

At this early stage, Plaintiff sufficiently alleges that his constitutional rights were violated by Officers John Doe #1 and #3 because of the use of excessive force in arresting him and the failure to protect him.

### F. <u>Service Cannot Be Effected at This Time.</u>

Although Plaintiff has alleged his claim with enough specificity to require an answer, the Court cannot direct that service be made on the John Doe Defendants at this time. Generally, the use of John or Jane Doe-type appellations to identify defendants is not favored, and as a practical matter, it is in most instances impossible for the United States Marshal to serve a summons and complaint upon a John or Jane Doe defendant.

However, the Court will not dismiss the Complaint based on Plaintiff's failure to provide the identify of the Defendants.  <u>See</u> <u>Wakefield v. Thompson</u>, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980)) (where identity of alleged defendants will not be known prior to filing of complaint, plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds).  The Court will allow Plaintiff sixty (60) days to identify by name at least one Defendant, through *subpoena* or otherwise, and to substitute that named Defendant for the John Doe Defendants by filing a "notice of substitution."  Failure to timely file a notice of substitution will result in the dismissal of this action without prejudice for failure to prosecute.

### G. <u>Warning of Possible Dismissal Pursuant to Rule 41.</u>

Plaintiff should take notice that if he fails to timely comply with every provision of this Order, or any order of the Court entered in this matter, the action and Complaint will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  <u>See</u> <u>Ferdik v.</u>

1 Bonzelet, 963 F.2d 1258 (9th Cir. 1992) (district court may dismiss action for failure to
2 comply with any order of the court).

3 **IT IS THEREFORE ORDERED that:**

4 (1) Plaintiff's Application to Proceed *In Forma Pauperis* is granted.

5 (2) Defendant John Doe #2, the police dog, is dismissed with prejudice.

6 (3) Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.
7 Plaintiff is assessed no initial partial filing fee.  All fees shall be collected and paid in
8 accordance with this Court's Order to the appropriate government agency filed concurrently
9 herewith.

10 (3) Plaintiff shall have 60 days from the date this Order is filed in which to discover
11 by subpoena or otherwise the identities of at least one Defendant, and to substitute that
12 Defendant's name for one of the John Doe Defendants;

13 (4) The Clerk of Court is directed to enter a judgment of dismissal for failure to
14 prosecute without prejudice and without further notice to Plaintiff, if Plaintiff fails to file a
15 "notice of substitution" of parties within 60 days from the date this order is filed; and

16 (5)  The Clerk of Court shall issue and send to Plaintiff five subpoenas in blank.

17 DATED this 9th day of November, 2005.

_____
James A. Teilborg
United States District Judge